UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANSELL HEALTHCARE, INC., ANSELL HEALTHCARE PRODUCTS, LLC. and VERO NATIONAL MARINE INSURANCE COMPANY LTD.,<br><br>Plaintiffs,<br><br>vs.<br><br>MAERSK LINE, UTI UNITED STATES, INC., UTI WORLDWIDE CO. LTD and DOES 1 Through 20, inclusive<br><br>Defendants. | Case No.: 07 CIV 7715 (VM) |

## ANSWER AND AFFIRMATIVE DEFENSES AND CROSSCLAIM

COMES NOW, Defendant, UTI, UNITED STATES, INC., (hereinafter referred to as "UTI") by and through its undersigned counsel and files this its Answer, Affirmative Defenses and Crossclaim, and states as follows:

1. UTi is without knowledge as to the allegations made in paragraph 1 of Plaintiff's Complaint.

2. UTi is without knowledge as to the allegations made in paragraph 2 of Plaintiff's Complaint.

3. UTI, is without knowledge as to the allegations of made in paragraph 3 of Plaintiff's Complaint.

4. UTi is without knowledge as to the allegations made in paragraph 4 of Plaintiff's Complaint.

5. UTi is without knowledge as to the allegations made in paragraph 5 of Plaintiff's Complaint as to Plaintiff's beliefs and denies knowledge of each and

every allegation pertaining to the Co-Defendants. UTi denies all remaining allegations.

6. UTi is without knowledge as to the allegations made in paragraph 6 of Plaintiff's Complaint.

7. UTi denies knowledge as to the allegations made in paragraph 7 of Plaintiff's Complaint as they pertain to Co-Defendants and denies the remaining allegations.

8. UTi is without knowledge as to the allegations made in paragraph 8 of Plaintiff's Complaint.

9. UTi denies knowledge as to the allegations made in paragraph 9 of Plaintiff's Complaint as they pertain to Co-Defendants and denies the remaining allegations.

10. UTi is without knowledge as to the allegations made in paragraph 10 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION
### (Damage to Cargo)

11. UTi repeats and realleges its responses to paragraphs 1 through 9 as through fully set forth herein.

12. UTi denies knowledge as to the allegations made in paragraph 12 of Plaintiff's Complaint as they pertain to Co-Defendants and denies the remaining allegations.

13. UTi denies knowledge as to the allegations made in paragraph 13 of Plaintiff's Complaint as they pertain to Co-Defendants and denies the remaining allegations.

14. UTi is without knowledge as to the allegations in paragraph 14 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION
### (Negligence)

15. UTi repeats and realleges its responses to paragraphs 1 through 13 as through fully set forth herein.

16. UTi denies knowledge as to the allegations made in paragraph 16 of Plaintiff's Complaint as they pertain to Co-Defendants and denies the remaining allegations.

17. UTi denies knowledge as to the allegations made in paragraph 17 of Plaintiff's Complaint as they pertain to Co-Defendants and denies the remaining allegations.

17(sic)[1]. UTi denies knowledge as to the allegations made in paragraph 17(sic) of Plaintiff's Complaint as they pertain to Co-Defendants and denies the remaining allegations.

18. UTi denies knowledge as to the allegations made in paragraph 18 of Plaintiff's Complaint as they pertain to Co-Defendants and denies the remaining allegations.

---

[1] Plaintiff's Complaint has two paragraph 17s.

## THIRD CAUSE OF ACTION
### (Breach of Contract)

19. UTi repeats and realleges its responses to paragraphs 1 through 18 as through fully set forth herein.

20. UTi denies knowledge as to the allegations made in paragraph 20 of Plaintiff's Complaint as they pertain to Co-Defendants and denies the remaining allegations.

21. UTi denies knowledge as to the allegations made in paragraph 21 of Plaintiff's Complaint as they pertain to Co-Defendants and denies the remaining allegations.

22. UTi is without knowledge as to the allegations made in paragraph 22 of Plaintiff's Complaint.

23. UTi denies knowledge as to the allegations made in paragraph 23 of Plaintiff's Complaint as they pertain to Co-Defendants and denies the remaining allegations.

## FOURTH CAUSE OF ACTION
### (Breach of Duty to Care for Property in Bailment)

24. UTi repeats and realleges its responses to paragraphs 1 through 23 as through fully set forth herein.

25. UTi denies knowledge as to the allegations made in paragraph 25 of Plaintiff's Complaint as they pertain to Co-Defendants and denies the remaining allegations.

26. UTi denies knowledge as to the allegations made in paragraph 26 of Plaintiff's Complaint as they pertain to Co-Defendants and denies the remaining allegations.

27. UTi denies knowledge as to the allegations made in paragraph 27 of Plaintiff's Complaint as they pertain to Co-Defendants and denies the remaining allegations.

28. UTi is without knowledge as to the allegations made in paragraph 28 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

UTI, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, would show Plaintiff's Complaint fails in whole or in part to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

UTI states that Plaintiff is not a true party in interest and lacks the requisite standing to maintain this action.

### Third Affirmative Defense

UTI claims the benefit of all exculpatory clauses or other similar provisions limiting its liability, as contained within the express Terms and Conditions of documents issued with regard to the subject shipment and/or any other documents deemed as masters bill of lading, to $500.00 per package and/or $50.00 per shipment and expressly excluding liability for matters sued upon herein.

## Fourth Affirmative Defense

UTI utilizes standard Terms and Conditions of the Natural Customs Brokers and Freight Forwarders Association of America. These terms provide a limitation of liability as aforestated, to wit:

1. **Services by Third Parties.** Unless the Company carries, stores or otherwise physically handles the shipment, and loss, damage, expense or delay occurs during such activity, the Company assumes no liability as a carrier and is not to be held responsible for any loss, damage, expense or delay to the goods to be forwarded or imported except as provided in paragraph 10 and subject to the limitations of paragraph 8 below, but undertakes only to use reasonable care in the selections of carriers, truckmen, lightermen, forwarders, customs brokers, agents warehousemen and others to whom it may entrust the good for transportation, cartage, handling and/or delivery and/or storage or otherwise. When the Company carries, stores and otherwise physically handles the shipment, it does so subject to the limitation of liability set forth in paragraph 8 below unless a separate bill of lading, air waybill or other contract of carriage is issued by the Company, in which event the terms thereof shall govern.

2. **Liability Limitations of Third Party.** The Company is authorized to select and engage carriers, truckmen, lightermen, forwarders, customhouse brokers, agents, warehousemen and others, as required, to transport, store, deal with and deliver the goods, all of whom shall be considered as the agents of the Customer, and the goods may be entrusted to such agencies subject to all conditions as to limitations of liability for loss, damage, expense or delay and to all rules, regulations, requirements and conditions, whether printed, written or stamped, appearing in bills of lading, receipts or tariffs issued by such carriers, truckmen, lightermen, forwarders, customhouse brokers, agents, warehousemen and others. The Company shall, under no circumstances be liable for any loss, damage, expense or delay to the goods for any reason whatsoever when said goods are in custody, possession or control of third parties selected by the Company to forward, enter and clear, transport or render other services with respect to such goods.

8. <u>Limitation of $50.00 Per Shipment</u>. The Customer agrees that the Company shall in no event be liable for any loss, damage, or delay to the goods resulting from the negligence or other fault of the Company for any amount in excess of $50.00 per shipment (or the invoice value, if less) and any partial loss or damage for which the Company may be liable shall be adjusted pro rata on the basis of such valuation. The Customer has the option of paying a special compensation to increase the liability of the Company in excess of $50.00 per shipment in case of any loss, damage, expense or delay from causes which would make the Company liable, but such option can be exercised only by specific written agreement made with the Company prior to shipment which agreement shall indicate the limit of the Company's liability and the special compensation for the added liability by it to be assumed subject to 19 CFR Part 111.44.

10. <u>Liability of Company</u>. Subject to the provisions of 10 CFR Section 111.44, it is agreed that any claim or demand for loss, damage, expense or delay shall be only against the carriers, truckmen, lightermen, forwarders, customs brokers, agents, warehousemen or others in whose actual custody or control the goods may be at the time of such loss, damage, expense or delay, and that the Company shall not be liable or responsible for any claim or demand from any cause whatsoever, unless in each case the goods were in actual custody or control of the Company and that the damages alleged to have been suffered be proven to be caused by the negligence or other fault of the Company, its officers or employees, in which event the limitation of liability set forth in paragraph 8 herein shall apply. The Company shall not in any circumstances be liable for consequential or punitive damages or damages arising from loss of profit and shall not be liable to the Customer for actual or statutory damages unless it is first proven that the Company actually had knowledge of the circumstances giving rise to such claims and that the Company directly contributed to the act(s) allegedly causing such damages.

### Fifth Affirmative Defense

UTI states as a defense the provisions of the United States Carriage of Goods by Sea Act of 1936 and General Maritime Law 46 USC Section 1300, et. seq.

### Sixth Affirmative Defense

UTI would show as a defense that Plaintiff failed to provide UTI with the proper and timely written notice of the claim and for the damages alleged; therefore, the Complaint should be dismissed.

### Seventh Affirmative Defense

UTI would state that any loss or damage to the goods resulted from the acts or omissions of the carriers of the goods while said carriers were acting as agents for the shipper or consignee, for which acts or omissions UTI has no liability.

### Eighth Affirmative Defense

UTI states that Plaintiff's claims are barred in whole or in part by the doctrines, waiver and estoppel.

### Ninth Affirmative Defense

UTI states that Plaintiff has failed to join necessary and indispensable parties to this matter.

### Tenth Affirmative Defense

UTI states that the damages sustained by Plaintiff, if any, resulted wholly and solely from the fault, neglect and want of care by Plaintiff or persons or parties other than UTI whose acts said UTI is not liable or responsible and are not the result of any negligence, breach of contract, fault or want of care on the part of UTI who faithfully discharged all of its duties.

### Eleventh Affirmative Defenses

The allegations, claims and transactions alleged in the Complaint are barred by the applicable Statute of Limitations, release, accord and satisfaction and/or the equitable doctrine of laches.

### Twelfth Affirmative Defense

UTI adopts each and every Term and Condition of Service upon which it conducts business as adopted by the National Customs Brokers and Freight Forwarders Association of America.

### Thirteenth Affirmative Defense

Plaintiff has failed to mitigate damages and its claims are therefore barred.

### UTI, UNITED STATES, INC.'S CROSS CLAIM AGAINST MAERSK LINE

COMES NOW, Defendant/Cross Plaintiff, UTi, UNITED STATES, INC., by and through its undersigned counsel and pursuant to Rule 13, Federal Rules of Civil Procedure, and files this, its Cross claim against Co-Defendant/Cross Defendant, MAERSK LINE, (hereinafter "Co-Defendant/Cross Defendant") and alleges:

1. This Court has jurisdiction of this action ancillary to the main action in the above-numbered cause and all matters alleged herein.

2. According to Plaintiff's allegations, the Plaintiff was at all times herein mentioned, and still is, the owner of certain property which was to be shipped and which was delivered to the Co-Defendant for transportation.

3. All conditions precedent to this action have occurred.

## AS AND FOR UTI, UNITED STATES, INC.'S FIRST CAUSE OF ACTION AGAINST MAERSK LINE
### (Contribution and Indemnity)

4. Cross-Plaintiff, hereby repeats and realleges Paragraphs 1-3, as if fully set forth herein.

5. Plaintiff asserts, in the underlying Complaint, that UTI, UNITED STATES, INC., is liable for damages incurred as a result of the loss of a shipment of cargo purportedly entrusted to the Defendants in said action. UTI UNITED STATES, INC., denies any liability thereunder; however, in the event that UTI UNITED STATES, INC., is found liable, it would show that Plaintiff's damages resulted from the Co-Defendant/Cross Defendant's failure to comport with standards of care accepted in the industry, and/or resulted from said Co-Defendant/Cross Defendant's breach of statutory and/or contractual obligations to safely arrange for and/or deliver the goods which were entrusted to Co-Defendant/Cross Defendant's custody and/or control.

6. UTI UNITED STATES, INC., has been forced to retain the undersigned counsel to defend it in this action, and has incurred, and will continue to incur, attorneys' fees, as a result of the actions of the Co-Defendant/Cross Defendants' enumerated herein.

7. UTI UNITED STATES, INC., denied that it is liable to Plaintiff. However, in the event that Plaintiff's damages resulted from the negligence breach of contract, or breach of contract, or breach of some other duty by Co-Defendant/Cross Defendant. All actions of UTI UNITED STATES, INC., were merely constructive, technical, vicarious, subordinate and/or passive and therefore, UTI UNITED STATES, INC., is entitled to contribution and/or indemnity, equitable or otherwise, from Co-

Defendant/Cross Defendants, in an amount equal to the sum of any judgment, together with any attorneys' fees and disbursements of this action.

### AS AND FOR UTI UNITED STATES, INC.'S SECOND CAUSE OF ACTION
### (Breach of Contract)

8. Cross-Plaintiff, UTI, UNITED STATES, INC., hereby repeats and realleges Paragraphs 1-3, as if fully set forth herein.

9. Plaintiff asserts, in the underlying Complaint, that UTI, UNITED STATES, INC., is liable for damages incurred, as a result of damages to a shipment of cargo purportedly entrusted to Co-Defendant/Cross Defendant in said location. UTI, UNITED STATES, INC., denies any liability thereunder; however, in the event that UTI, UNITED STATES, INC., is found liable, it would show that Plaintiff's damages resulted from Co-Defendant/Cross Defendant's failure to comport with standards of care accepted in the industry, and/or resulted from said Co-Defendant/Cross Defendant's breach of statutory and/or contractual obligations to safely arrange for and/or deliver the goods which were entrusted to Co-Defendant/Cross Defendant's custody and/or control.

10. That Co-Defendant/Cross Defendant entered into contracts of carriage, or contracts incident to carriage, which provided for the exercise of due care in the arrangement and/or procurement and/or movement of the subject cargo.

11. That Co-Defendant/Cross Defendant breached these contractual obligations by failing to deliver in good order and condition the subject cargo, and/or failing to meet its contractual duty by selecting and/or arranging for the movement of said goods.

12. UTI, UNITED STATES, INC., has been forced to retain the undersigned counsel to defend it in this action, and has incurred, and will continue to incur, attorneys' fees as result of the actions of Co-Defendant/Cross Defendant enumerated herein.

13. That Co-Defendant/Cross Defendant's breach of its duties, contractual or otherwise, proximately result in a judgment against Co-Defendant/Cross Defendant, said Cross-Plaintiff shall be entitled to recovery for said breach, as against Co-Defendant/Cross Defendant, for the amount of said judgment and any other resultant consequential damages, including the costs and fees associated with the defense and prosecution of this action.

WHEREFORE, UTI, UNITED STATES, INC., respectfully requests that this Court enter a judgment, as against Co-Defendant/Cross Defendant, together with an award of attorneys' fees, costs and any other further relief the Court deems just and proper.

Dated: New York, New York
       September 24, 2007

                                        Respectfully Submitted,

                                        **HYMAN, SPECTOR & MARS, LLP.**
                                        Museum Tower, 27th Floor
                                        150 W. Flagler Street
                                        Miami, Florida 33130
                                        Tel: (305) 371-4244
                                        Fax: (305) 371-5930

                                                 -and-

**KAPLAN, VON OHLEN & MASSAMILLO, LLC.**
555 Fifth Avenue, 15 Floor
New York, New York 10017
Tel: (212) 922-0450
Fax: (212) 922-0530

By: _____
ANTHONY W. ECKERT III, ESQ.
(AWE-7949)

*Attorneys for Defendant,*
*UTI, UNITED STATES, INC.*

TO: Edward M. Katz, Esq.
Attorney for Plaintiffs
9402 Warren's Way
Wanaque, New Jersey 07465

F:\WP51\FILES\MARC\UTI - Grayson-Ansell Healthcare, Inc\PLDGS\ANSWER.doc

# AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

Brenda Martinez, being duly sworn deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Queens County.

On the 24th day of September 2007, deponent served the within **ANSWER AND AFFIRMATIVE DEFENSES AND CROSSCLAIM** upon:

> Edward M. Katz
> 9402 Warren's Way
> Wanaque, New Jersey 07465

the address designated by said attorney by depositing same enclosed in a properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Office within the State of New York.

_____
Brenda Martinez

Sworn to before me this
24th day of September, 2007

_____
Notary Public

ANTHONY W. ECKERT III
Notary Public, State of New York
No. 02EC4989528
Qualified in New York County
Commission Expires Dec. 9, 20 0 7