UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Case No.: 07 CIV 7715

| | |
|---|---|
| ANSELL HEALTHCARE, INC., ANSELL HEALTHCARE PRODUCTS, LLC. and VERO NATIONAL MARINE INSURANCE COMPANY LTD., | ) ) ) ) ) |
| Plaintiffs, | ) |
| vs. | ) ) |
| MAERSK LINE, UTI UNITED STATES, INC., UTI WORLDWIDE CO. LTD and DOES 1 Through 20, inclusive | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANT, UTI WORLDWIDE CO., LTD'S MOTION TO QUASH SERVICE OF PROCESS AND/OR FOR ORDER OF DISMISSAL**

COMES NOW, Defendant, UTI, Worldwide Co. Ltd., (hereinafter referred to as "UTi Thailand") by and through its undersigned counsel and files this its Motion to Quash Service of Process and/or for Order of Dismissal, and states as follows:

**I.    Introduction and Background**

Plaintiff commenced suit against the two named UTi Defendants and Co-Defendant Maersk, on or about August 29, 2007. Plaintiff has alleged that the Defendants were entrusted with certain cargo for an international ocean shipment from Thailand to the United States, and that the cargo, though tendered in good order and condition, arrived in a damaged condition. The shipment was governed by terms and conditions found on the bill of lading issued by UTi Thailand.  See Exhibit "A".

Plaintiff served UTi United States on or about September 6, 2007. At that time, service was refused for UTi Thailand since UTi United States was not authorized to accept service on their behalf. This fact is not in dispute. Recognizing that UTi United States and UTi Thailand are and were two separate and distinct corporate entities, Plaintiff then attempted to serve UTi Thailand via registered/certified mail; apparently pursuant to Rule 4, Federal Rules of Civil Procedure. Plaintiff forwarded the suit papers from counsel's own office and did not dispatch the summons and Complaint through the Clerk of the Court. See Exhibit "B".

For the reasons more fully set forth below, Plaintiff has failed to comply with the requirements of Rule 4 service by mail, and accordingly said attempt should be quashed. The result of such a finding will be to bar Plaintiff from pursuing UTi Thailand since the terms and conditions of the bill of lading mandate that personal jurisdiction be obtained over UTi Thailand within one year from the date the goods are delivered.[1]

**II.     Legal Analysis**

**A.  Service of Process is Defective**

As set forth above, Plaintiff has attempted international service by registered mail pursuant to Rule 4 (f)(2)(C)(ii) Federal Rules of Civil Procedure. Thailand is not a signatory to the Hague Convention. Accordingly, one must look to Rule 4, Federal Rules of Civil Procedure. It is axiomatic that a Plaintiff must strictly comply with the requirements of Rule 4 when attempting foreign service by mail. Its failures in this regard, render Plaintiff's efforts a legal nullity and further render the Complaint subject to dismissal with prejudice as to UTi Thailand.

---

[1] Since it is UTi Thailand's contention that jurisdiction has not yet been obtained over the moving defendant, said Movant specifically and expressly reserves any and all rights to assert any applicable forum selection clauses/ Sky Reefer provisions, which may govern the instant shipment.

2

Rule 4(f)(2)(C)(ii), Federal Rules of Civil Procedure provides "any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the Court to the party to be served..." Plaintiff's attempt to simply mail the Complaint from counsel's office are violative of Rule 4 and insufficient to confer jurisdiction via proper service over the moving Defendant. See *Export-Import Bank of the United States v. Asia Pulp & Paper Co., Ltd.*, 2005 WL 1123755 (S.D.N.Y. May 11, 2005). Therein, the Court held that since service was initiated by the Plaintiff rather than by the Clerk of the Court, service was defective. *Id* @ 2. "Again, however the Clerk of the Court was not responsible for dispatching the summons and complaint, as required by Rule 4(f)(2)(C)(ii)." *Id*.

Since Plaintiff herein did not request the Clerk of Court to dispatch the Summons and Complaint, but instead, in direct violation of Rule 4, simply mailed the Summons and Complaint from counsel's own office, service is defective and should be quashed.

**B. The Bill of Lading Bars any Additional Attempt to Cure Service[2]**

Because this matter is now time-barred, the Court should direct the Plaintiff not to attempt to re-serve the Moving Defendant.

Paragraph 33 of the subject bill of lading terms and conditions provide in relevant part:

> As to loss, or damage to the Goods or package occurring or presumed to have occurred during ocean carriage, the Carrier and the vessel shall be discharged from all liability in respect of loss, damage, mis-delivery, delay or in respect of any other breach of this contract and any claim whatsoever

---

[2] The subject bill of lading and its terms and conditions may be considered by this Court at the motion to dismiss juncture since it is integral to the Complaint. See *Roth v. Jennings* 489 F.3d 499 (2nd Cir NY 2007)(In addition, even if not attached or incorporated by reference, a document "upon which [the complaint] *solely* relies and which is *integral to the complaint* " may be considered by the court in ruling on such a motion. *Cortec Industries, Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir.1991) (" *Cortec*") (emphases added), *cert. denied*, 503 U.S. 960, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992); *see, e.g., Global,* 458 F.3d at 156).
.

with respect to the Goods or packages unless suit is brought within one year after delivery of the Goods or package or the date when the Goods or package should have been delivered. Suit shall not be deemed brought unless jurisdiction shall have been obtained over the Carrier and/or the Vessel by service of process or by an agreement to appear.

Numerous Courts have upheld the enforceability of this term. See *J. Aron & Co. v. The Askvin*, 267 F.2d 276 (2nd Cir. 1959), the Court enforced the provision holding that even where the action was timely filed within one year, but not served within one year, same was time-barred. See also, *Ralston Purina Co., v. Barge Juneau and Gulf Caribbean Marine Lines, Inc.*, 619 F.2d 374 (5th Cir. 1980); *American International Insurance Co of Puerto Rico v. M/V San Juan* 730 F.Supp. 1190 (D. Puerto Rico 1990).

**WHEREFORE**, For each of the reasons set forth above, Defendant, UTi Thailand respectfully requests that this Court enter an Order quashing service and directing that no further action be taken against UTi Thailand, together with any other further relief the Court deems just and proper.

**Dated: October 31, 2007**
**Miami, Florida**

Respectfully submitted,

By: /s/ Andrew R. Spector
ANDREW R. SPECTOR, ESQ. (ARS3887)
**HYMAN SPECTOR & MARS, LLP.**
150 West Flagler Street
Suite 2701
Miami, Florida  33130
Telephone: (305) 371-4244
Facsimile: (305) 371-5930

-and-

**KAPLAN, VON OHLEN & MASSAMILLO LLC.**
Anthony Eckert, Esq.
555 Fifth Avenue, 15 Floor
New York, New York 10017
Tel: (212) 922-0450
Fax: (212) 922-0530
***Attorneys for Defendants, UTI Thailand and UTI United States, Inc.***

4

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed electronically this  31st day of October, 2007. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system: Edward M. Katz, Esq., (*Attorney for Plaintiffs*), 9402 Warren's Way, Wanaque, New Jersey 07465. Parties may access this filing through the Court's system.

By: /s/ Andrew R. Spector

F:\WP51\FILES\MARC\UTI - Ansell Healthcare, Inc\PLDGS\Mtn to Quash.doc

5