UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Case No.: 07 CIV 7715

| | |
|---|---|
| ANSELL HEALTHCARE, INC., ANSELL HEALTHCARE PRODUCTS, LLC. and VERO NATIONAL MARINE INSURANCE COMPANY LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> MAERSK LINE, UTI UNITED STATES, INC., UTI WORLDWIDE CO. LTD and DOES 1 Through 20, inclusive <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANT, UTI WORLDWIDE CO., LTD'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO QUASH SERVICE OF PROCESS AND/OR FOR ORDER OF DISMISSAL**

COMES NOW, Defendant, UTI, Worldwide Co. Ltd., (hereinafter referred to as "UTi Thailand") by and through its undersigned counsel and files this its Reply Memorandum in Further Support of its Motion to Quash Service of Process and/or for Order of Dismissal, and states as follows:

I. **Introduction and Background**

Plaintiff commenced suit against the two named UTi Defendants and Co-Defendant Maersk, on or about August 29, 2007. Plaintiff has alleged that the Defendants were entrusted with certain cargo for an international ocean shipment from Thailand to the United States, and that the cargo, though tendered in good order and condition, arrived in a damaged condition. As set forth in Defendant UTi Thailand's original moving papers, Plaintiff served UTi, United States on or about September 6, 2007. At

1

that time, service was refused for UTi Thailand since UTi United States was not authorized to accept service on their behalf. This fact is not in dispute. Recognizing that UTi United States and UTi Thailand are and were two separate and distinct corporate entities, Plaintiff then attempted to serve UTi Thailand via registered/certified mail; apparently pursuant to Rule 4, Federal Rules of Civil Procedure. Plaintiff forwarded the suit papers from counsel's own office and did not dispatch the summons and Complaint through the Clerk of the Court.

Thereafter, Defendant UTi Thailand moved to quash service since same did not comply with the requirements of Rule 4 (f)(2)(C)(ii) Federal Rules of Civil Procedure. Apparently recognizing that simply dropping the Complaint in the mail to the Defendant did not comport with the strictures of the above-referenced rule, Plaintiff, in its opposition papers, instead relies upon Rule 4(f)(2)(A) in support of its contention that the mere mailing of the Complaint to the Defendant constitutes proper service under the Rules of Procedure and in accordance with the laws of Thailand.

Contrary to the bald assertions contained in Plaintiff's opposition papers, however, not only has Plaintiff failed to meet its evidentiary burdens in this regard, but furthermore, the 'declaration' relied upon by the Plaintiff would seem to belie this point. Plaintiff states that consultation with Thai attorneys as evidenced in the Declaration attached as Exhibit B, has confirmed mail service is permitted in Thailand absent personal service, which in the present case, is prohibited by Rule 4(h)(2).

First, and foremost, Exhibit B to Plaintiff's opposition papers is by no means a declaration in any admissible form. Furthermore, and perhaps most troubling is the fact that the e-mail correspondence from the purported Thai counsel in fact states can lead

2

only to the conclusion that the service attempted by Plaintiff in this case is deficient and contrary to the laws of Thailand. Exhibit B states in relevant part: "You will notice that the statutes do not specifically provide for substituted service via mail….Thai law does allow for same upon Court Order." The record before this Court clearly reveals that there was no such Court Order. Counsel's argument to the contrary, Plaintiff has failed to establish that simple service by mail is acceptable under the laws of Thailand.

Next, Plaintiff argues that in any event UTi Thailand was served through its US office; (ignoring the fact that UTi Thailand has no US office; nor any agent in the U.S. authorized to accept service of process); and that this is not a case of lack of actual notice. Two improper attempts at service are no stronger than one. The fact remains that Plaintiff has still failed to properly serve UTi Thailand.

Plaintiff refers to Exhibit C, a return receipt document and a UTi letterhead correspondence as 'proof' of service over UTi Thailand. The "Assignment of Rights" Document was in consideration of the Plaintiff not taking any action against UTi, United States or any UTi entity. Clearly, the document is without meaning, since Plaintiff commenced legal action. Next and most importantly, the document states at the top, Avalon Risk Management Inc. Authorized agent on behalf of UTi, United Staets, Inc. It does not state authorized agent on behalf of UTi Thailand (UTi Worldwide Co. LTd.).

The fact remains, Plaintiff has failed to properly affect service under any recognized or permissible means over UTi Thailand. As such, Defendant's Motion should be granted together with any other relief the Court deems just and proper.

**WHEREFORE**, For each of the reasons set forth above, Defendant, UTi Thailand respectfully requests that this Court enter an Order quashing service and

3

directing that no further action be taken against UTi Thailand, together with any other further relief the Court deems just and proper.

| | |
|---|---|
| **Dated: January 9, 2008**<br>**Miami, Florida** | Respectfully submitted,<br><br>By: /s/ Andrew R. Spector<br>ANDREW R. SPECTOR, ESQ. (ARS3887)<br>**HYMAN SPECTOR & MARS, LLP.**<br>150 West Flagler Street<br>Suite 2701<br>Miami, Florida  33130<br>Telephone: (305) 371-4244<br>Facsimile: (305) 371-5930 |
| -and- | **KAPLAN, VON OHLEN &**<br>**MASSAMILLO LLC.**<br>Anthony Eckert, Esq.<br>555 Fifth Avenue, 15 Floor<br>New York, New York 10017<br>Tel: (212) 922-0450<br>Fax: (212) 922-0530<br>***Attorneys for Defendants, UTI Thailand and UTI United States, Inc.*** |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed electronically this  9th  day of January, 2008. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system:  Edward M. Katz, Esq., (*Attorney for Plaintiffs*), 9402 Warren's Way, Wanaque, New Jersey 07465. Parties may access this filing through the Court's system.

By: /s/ Andrew R. Spector

F:\WP51\FILES\MARC\UTI - Ansell Healthcare, Inc\PLDGS\reply-quash.doc