58-08/WDM
FREEHILL, HOGAN & MAHAR
Attorneys for Defendant
MAERSK LINE
80 Pine Street, 24th Floor
New York, New York 10005-1759
(212) 425-1900
William L. Juska, Jr. (WJ0772)
Wayne D. Meehan  (WM9102)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

| | |
|---|---|
| ANSELL HEALTHCARE, INC.,  ANSELL HEALTHCARE PRODUCTS, INC. and VERO NATIONAL MARINE INSURANCE COMPANY, | 07 CV 7715 (VM) ECF CASE |
| Plaintiffs, | |
| -against- | **ANSWER** |
| MAERSK LINE, UTI UNITED STATES, INC., UTI WORDLWIDE CO. LTD. and DOES 1 through 20, inclusive, | |
| Defendants. | |

------------------------------------------------------x

Defendant, MAERSK LINE, by its attorneys, Freehill, Hogan & Mahar LLP,
responding to the Complaint of the Plaintiffs herein, alleges upon information and
belief as follows:

1. Denies knowledge or information sufficient to form a belief with respect to
the allegations contained in paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief with respect to
the allegations contained in paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 3 of the Complaint.

4. Admits that Defendant MAERSL LINE is a trade name  for a liner service which involves the M/V METTE MAERSK, which vessel has been used from time to time as a common carrier of merchandise for freight, and admits that a MEAERSK LINE bill  of lading No. 510916473 was issued in respect of the goods which are the subject of the Complaint and, except as so specifically admitted, denies the remaining allegations contained in paragraph 4 of the Complaint.

5.    Denies that Defendants UTI UNUTED STATES. INC. and/or UTI WORLDWIDE CO. LTD. were acting as agents for or master fro MAERSK LINE in regard to bill of lading No. 5661017549 and, except as so specifically denied, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph 5 of the Complaint.

6. Admits that this action arises from an international carriage of goods from Laem Chabang, Thailand to Savannah, Georgia, which is subject to the  Carriage of Goods by  sea Act *(COGSA) 46 U.S.C. 1300 et. seq.

7.  Denies the allegations contained in paragraph 7 of the Complaint.

8. Admits that on or about September 4, 2006, at Bangkok, Thailand, Bremen, Ohio, Defendant MAERSK LINE and/or its servants received a sealed shipping container numbered MSKU6618748 said to contain 936 cartons of natural latex condoms, which container had been carried from Laem Chabang to Bangkok on the feeder vessel CAPE SCOTT, and accepted said container for transport to Savannah

2

pursuant to the terms of the governing contract of carriage, but except as so specifically admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph 8 of the Complaint.

9. Denies the allegations contained in paragraph NINTH of the Complaint.

10. Defendant MAERSK LINE repeats and realleges each and every admission, denial or denial of knowledge or information sufficient to form a belief contained in paragraphs 1 through 9 of this Answer with the same force and effect as if fully set forth herein.

11. Admits that Defendant MAERSL LINE accept the shipment in question for carriage onboard the M/V METTE MAERSK, but except as so specifically admitted, denies the remaining allegations contained in paragraph 12 of the Complaint.

12 Denies the allegations contained in paragraph 13 of the Complaint.

13. Admits that damages in the amount of $67,149.00 have been demanded, but except as so specifically admitted, denies the remaining allegations of paragraph 14 of the Complaint.

14. Defendant MAERSK LINE repeats and realleges each and every admission, denial or denial of knowledge or information sufficient to form a belief contained in paragraphs 1 through 13 of this Answer with the same force and effect as if more fully set forth herein.

15. Denies the allegations contained in paragraph 16 of the Complaint.

16. Denies the allegations contained in paragraph 17 of the Complaint.

17. Denies the allegations contained in paragraph 17 (second) of the

3

Complaint.

18. Admits that damages in the amount of $67,149.00 have been demanded, but except as so specifically admitted, denies the remaining allegations of paragraph 18 of the Complaint.

19. Defendant MAERSK LINE repeats and realleges each and every admission, denial or denial of knowledge or information sufficient to form a belief contained in paragraphs 1 through 18 of this Answer with the same force and effect as if more fully set forth herein.

20. Admits that Defendant MAERSL LINE accept the shipment in question for carriage onboard the M/V METTE MAERSK under Bill of lading MAEYU 510916473, but except as so specifically admitted, denies the remaining allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 22 of the Complaint.

23. Admits that damages in the amount of $67,149.00 have been demanded, but except as so specifically admitted, denies the remaining allegations of paragraph 23 of the Complaint.

24. Defendant MAERSK LINE repeats and realleges each and every admission, denial or denial of knowledge or information sufficient to form a belief contained in paragraphs 1 through 23 of this Answer with the same force and effect

4

as if more fully set forth herein.

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Admits that damages in the amount of $67,149.00 have been demanded, but except as so specifically admitted, denies the remaining allegations of paragraph 28 of the Complaint.

### AS AND FOR MAERSK LINE'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

29. The Complaint fails to state a claim against MAERSK LINE upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

30. The shipment in question was received, carried, discharged and/or delivered at the port of destination subject to the terms, conditions, exceptions and limitations of the provisions of the United States Carriage of Goods by Sea Act, Title 46 U.S.C. Section 1300 *et seq.*, the Harter Act, Title 46 U.S.C. Section 190 *et seq.*, and/or other legislation pertinent to this carriage. Any loss or damage alleged to have been suffered by said shipment or to the shipper or consignee was due to a cause or causes for which neither the carrier nor the vessel is liable by virtue of the provisions of aforesaid Carriage of Goods by Sea Act and/or Harter Act, and/or other pertinent legislation.

### THIRD AFFIRMATIVE DEFENSE

31. The shipment described in the Complaint was received, loaded, carried, discharged and delivered subject to the terms, conditions, exceptions and limitations of certain dock receipts, bills of lading, service contracts, tariffs and/or contracts of affreightment, issued for carriage of the shipment, and by which the shipper, consignee and holders of said bills of lading agreed to be and are bound. Any damage to the goods, which is denied, was due to a cause or causes for which MAERSK LINE is not liable by virtue of said dock receipts, bills of lading, service contracts, tariffs and/or contracts of affreightment.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

32. Any loss or damage to the goods, as alleged in the Complaint, and which is denied, arose or resulted from the condition of the goods when delivered to MAERSK LINE, and/or from inherent defect, quality or vice of the goods, or insufficiency of packaging or marks and/or from defective stowage and securing within the containers or by act or omission of the shippers, or owners of the goods, their agents or representatives, or other third parties and not MAERSK.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

33. If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was not caused by or contributed to by MAERSK LINE, and such shortage and/or damage was not sustained by the shipment while in the care, custody or control of MAERSK.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

34. If any shortage and/or damage was sustained by the shipment referred to

in the Complaint, which is denied, such shortage and/or damage was caused by or contributed to by the Plaintiff or others acting on its behalf, including a failure to mitigate the damages properly.

### SEVENTH AFFIRMATIVE DEFENSE

35. The Plaintiff is not the real party in interest to this suit.

### EIGHTH AFFIRMATIVE DEFENSE

36.    Plaintiff failed to give timely notice of this claim.

### NINTH AFFIRMATIVE DEFENSE

37.    Any liability of MAERSK LINE, which is denied, is limited in amount by the terms and provisions of the aforementioned dock receipts, bills of lading, service contracts, tariffs, contracts of carriage, and Carriage of Goods by Sea Act and/or the Harter Act, or other governing legislation.

### TENTH AFFIRMATIVE DEFENSE

38. Failure to join an indispensable party.

### ELEVENTH AFFIRMATIVE DEFENSE

39. At all times, MAERSL LINE acted as agent for a disclosed principal.

### TWELFTH AFFIRMATIVE DEFENSE

40. MAERSK LINE is a trade name and Plaintiffs have failed to name proper parties to this litigation.

42.  Defendant MAERSK LINE reserves its right to amend this answer if and when additional information is obtained through discovery.

WHEREFORE, Defendant MAERSK LINE prays:

1. That a decree be entered dismissing Plaintiff's Complaint and that MAERSK LINE be awarded all costs, expenses and attorney fees incurred in connection with the defense of the Complaint;

2. That if any liability be found against MAERSK LINE, such liability be limited to $500 per package or other limitations set forth in the governing contract(s) of carriage or as provided by law; and

3. That this Court grant MAERSK LINE such other and different relief as it may deem just and proper in the premises.

Dated: New York, New York
       February 4, 2008

FREEHILL, HOGAN & MAHAR LLP
Attorneys for Defendant
MAERSK LINE

By:_____
       William L. Juska, Jr. (WJ0772)
       Wayne D. Meehan (WM9102)
       80 Pine Street
       New York, New York 10005-1759
       (212) 425-1900

TO:    EDWARD M/ KATZ, ESQ.
       Attorneys for Plaintiffs
       9402 Warren's Way
       Wanaque, N.J. 07465
       (973) 706-7916

<u>VERIFICATION</u>

State of New York        )
                         :   ss.:
County of New York       )


   WILLIAM L. JUSKA, JR., being duly sworn, deposes and says:

Defendant MAERSK LINE is a trade name for the Owners of the M/V METTE
MARSK and various corporate entities,  none of whose officers are presently within
the state of otherwise available to sign this verification; I have read the foregoing
Answer an d know the contents thereof;  the sane us true to my own knowledge,
except as to the maters stated therein to be alleged on information and belief, and ,
as to those matters, I believe it to be true.


                                        _____
                                           William L. Juska, Jr.



Sworn to before me this
4th day of February,   2008

_____
   Notary Public


           CLARE HENRY
    Notary Public, State of New York
           No. 01HE4831498
        Qualified in Kings County
      Certificate in New York County
  Commission Expires October 31, 2009

NYDOCS1/298333.1